BROOKLYN OFFICE

★ NOV 2 ? 2006 ★

U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE

FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ERIC ADAMS,

        Petitioner,

-against-

UNITED STATES OF AMERICA,

        Respondent.
----------------------------------------X

MEMORANDUM
AND ORDER
06-CV-00566 (CBA)

AMON, United States District Judge:

    Petitioner Eric Adams, proceeding *pro se*, currently incarcerated at USP Marion, files the instant petition for a writ of *audita querela* seeking to repeat a challenge to his 1995 conviction before the Honorable Reena Raggi. For the reasons below, the petition is denied.

    The writ of *audita querela* is available where there is a legal objection to a conviction that is not redressable pursuant to another post-conviction remedy including a motion brought pursuant to the statute governing motions to vacate a sentence or a petition for habeas corpus. United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995); U.S. v. LaPorta, 20 F. Supp. 2d 530 (W.D.N.Y. 1998). The writ of *audita querela* is only available to fill any gaps of the federal post-conviction remedial framework. Thus, a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under a statute governing motions to vacate.

    In the instant case, not only is there no gap in the post-conviction remedies available to petitioner, but petitioner has already filed not only the allowable remedies, but multiple unsuccessful petitions with this Court and others seeking to challenge his 1995 conviction. In

1

1997, petitioner filed a motion for § 2255 relief before Judge Raggi. The petition and petitioner's request for a certificate of appealability were denied. The failure to grant the certificate of appealability was affirmed by the United States Court of Appeals for the Second Circuit. Petitioner then filed a request to the Second Circuit to file a second or successive petition which was denied. Petitioner has also filed two motions pursuant to 28 U.S.C. § 2255 in the United States District Court, District of Colorado. Adams v. R.E. Holt, 00 CV 2189, Adams v. R.E. Holt, 01 CV 579, both of which were dismissed. I dismissed petitioner's petition for a writ of habeas corpus filed in 2003 pursuant to 28 U.S.C. § 2241 as improper, because petitioner was not challenging the execution of his sentence and it could not be said that § 2255 provided an inadequate or ineffective remedy to test the legality of petitioner's detention. Adams v. United States, 03 CV 0288 (CBA), Order dated January 24, 2003. The Second Circuit affirmed the dismissal by mandate issued October 4, 2004.

Petitioner returns to this Court to challenge the same conviction, this time arguing that his application for a writ of *audita querela* must be considered pursuant to the All Writs Act, 28 U.S.C. § 1651. Petition at 1. While petitioner has taken great pains to avoid calling his application a motion brought pursuant to 28 U.S.C. § 2255, petitioner is in fact seeking relief that would only be available to him under § 2255. Petitioner may not circumvent the requirements of a second or successive § 2255 motion by filing under the All Writs Act.

Adams' writ of *audita querela* is dismissed. If he chooses, petitioner may file a motion with the United States Court of Appeals for the Second Circuit for an order authorizing this

Court to consider a second or successive application for relief under 28 U.S.C. § 2255. See 28 U.S.C. §§ 2244, 2255.

SO ORDERED.

April 27, 2006
Dated: Brooklyn, New York

Carol Bagley Amon
United States District Judge